[Opinion delivered May 31, 1880.]

---

A. C. McCartney v. Wm. Martin.

(Case No. 3443.)

1. PLEADINGS.— A defense defectively set forth should be specially excepted to if a more specific averment is needful for the maintenance of the plaintiff's rights. 22 Tex., 349; 28 Tex., 611; 6 Tex., 90; 17 Tex., 658.

2. EVIDENCE.— New affirmative matter of avoidance or defense cannot be given in evidence under a general or special traverse, but must be specially pleaded.

3. PRACTICE.— Admission of irrelevant and immaterial testimony upon the part of the defense will not warrant the introduction in rebuttal of equally irrelevant and immaterial testimony on the part of the plaintiff, and its exclusion by the court is not erroneous. 3 Tex., 93; 17 Tex., 318.

4. NEWLY DISCOVERED EVIDENCE.— It is not error to refuse a new trial when applied for on the ground of newly discovered evidence which is merely cumulative.

5. NEW TRIAL.— To entitle one to a new trial on the ground of newly discovered evidence it must appear that the testimony is mate-

rial and would probably change the result; that the evidence came to the party's knowledge after the trial, and that it was not for want of diligence on his part that it was not sooner obtained. 30 Tex., 33; 3 Tex., 49.

6. CONFLICT OF TESTIMONY.— The judgment of the district court will not be reversed for mere conflict of testimony, even though the appellate court might, from the evidence, have arrived at a different conclusion. 23 Tex., 388; id., 641; 51 Tex., 289.

APPEAL from Ellis.   Tried below before the Hon. Nat. M. Burford.

McCartney sued Martin in the district court of Ellis county, in December, 1875, upon a note dated 15th January, 1875, for $150.14, payable to him and executed by Martin. He alleges that it was given for part of the purchase money of a tract of land sold by him to Martin, and as a renewal of a former note for the purchase money of the same land, dated 28th July, 1871, which Martin had executed to him. He prays for judgment for his debt and for foreclosure of the vendor's lien on the land.

The defendant answered, excepting generally to the plaintiff's petition, and denying its allegations.

In an amended answer, defendant avers that he signed the renewed note sued on, relying upon the fraudulent representations of McCartney, who made miscalculations of interest and credits; and that the original note was given for the purchase money of two tracts of land; one of eighty acres, and a small tract of timbered land; that McCartney, wishing to retain a half interest in the timbered tract, promised to credit the note with $20, which he had not done. He claims that a further credit for $25 should have been allowed thereon, which he paid McCartney in September, 1871.

And further answering, "he denies that said note is the property of McCartney, but was sold by him to Valentine Martin on the 3d March, 1873, who, by firm contract made at that time between said Martin and McCartney, became the owner of said note under a promise of said McCartney to hand it to him or send it to him by the first opportunity. Defendant avers that he was notified by the parties to said

contract of said transfer, to which he acquiesced, and subsequently satisfied said note in full, so that he is now the owner of the same." Defendant annexed to his answer the bond from McCartney to him, to make title to the land mentioned, and prays that a decree may be made to make him a title to the land.

To this answer the plaintiff filed a general exception, but there is no order of the court thereon, nor anything in the record to show that it ever was called to the attention of the court, or that it was acted on.

Valentine Martin asked leave to intervene in the suit, setting up his purchase of the note from McCartney, and adopting William Martin's answer, but his petition was refused.

The case was submitted to the judge (no jury being demanded) on 13th May, 1876. The defendant's exceptions to the petition were overruled, and judgment was rendered for the defendant, and that he recover the land mentioned, divesting McCartney's title and vesting the title to the same in defendant Martin.

The defendant moved for a new trial on the following grounds:

1. For the discovery of new and material testimony; that W. H. Getzendaner can prove that the original note was deposited with Ferris & Getzendaner for money loaned before the alleged purchase by Martin.

2. He can prove he never received any consideration on the purchase of the note by Valentine Martin, and can prove by Clark, Lacy & Lacy, that Valentine Martin, after the pretended sale of the horses to him, had gathered and sold horses of the stock; that he can prove by Ike Pratt and Hugh Huskins that the horses could not be found; that the witnesses are absent, and he cannot procure their affidavits.

3. That he was surprised by the ruling of the court in admitting proof of the purchase by Martin of a previous note which had been taken up and satisfied.

4. Because the answer set out no contract for the sale of horses, and he had no notice that such would be relied on.

5. That the court erred in giving judgment for defendant.

The affidavit of McCartney, accompanying his motion for a new trial, states that he never assigned the note or the original note for which it was given to Val. Martin; that at the time of the pretended purchase of it by Val. Martin, it was deposited with Ferris & Getzendaner for loaned money, and remained with them till the new note was taken, and has remained under their control ever since. That it was not till about a year after the contract was made with Val. Martin that Martin said he wanted the note, and then affiant told him he could not let him have it; that it was deposited with Ferris & Getzendaner; that he believes he can make the proof on the first and second grounds stated in his motion by the witnesses, and that he did not know the materiality of it on the trial.

Three days after the rendition of the judgment, Ferris & Getzendaner filed a motion in the case, setting up that the suit was instituted for their benefit; that the note was deposited with them for money loaned; that the failure to indorse it to them was a mistake; that they are the beneficiaries of the note, and McCartney had no right to sell it. That they had no knowledge of McCartney's horse trade with Val. Martin; that McCartney is insolvent; and they ask that the case be reviewed, a new trial granted, and that they be permitted to set up their equitable title to the note.

The court overruled this application of Ferris & Getzendaner, and refused to grant a new trial, and the plaintiffs appealed.

The assignments of error are as follows:

1. The court erred in permitting the defendant to prove, over the objection of plaintiff, that Val. Martin purchased the note executed by Wm. Martin to plaintiffs July 28, 1871, for $140, which was the original note and the consideration of the note sued, and that Martin paid for said note by the sale and delivery of a stock of horses in March, 1873, and that since the bringing of the suit Martin made full payment and satisfaction of the note sued on to said Val. Martin, for the reasons set forth in plaintiff's bill of exceptions.

2. The court erred in permitting defendant to prove that

the plaintiff authorized and directed defendant to pay the amount due on said note to Val. Martin, for the reason assigned in plaintiff's bill of exceptions.

3. The court erred in not permitting plaintiff to introduce evidence in rebuttal that he did not receive the horses, nor any of them, and that Val. Martin failed on his part in the horse contract.

4. The court erred in overruling plaintiff's motion for a new trial.

5. The court erred in rendering judgment for defendant and against the plaintiff.

6. The court erred in rendering judgment vesting title to the land in defendant.

*Ferris & Rainey*, for appellant.

*E. P. Anderson & Bro.*, for appellee.

QUINAN, J.— I. Objection was made to the admissibility of the testimony complained of in the first assignment of error on three grounds: (1) That there was no allegation in the answer that the original note was sold and assigned to Val. Martin; (2) nor averment that the sale to Martin was for a valuable consideration, or what the consideration was, and plaintiff had no notice of the horse trade relied on; (3) that there is no definite allegation of payment in defendant's answer.

We do not think these objections tenable. The answer is certainly indefinite and vague, but it was not specially excepted to. It is true the plaintiff filed a general demurrer to it, but no action of the court was had upon it, and we must assume that it was waived. Sayles' Pleading, 86, and the cases cited.

We think it sufficient to warrant the introduction of the proof offered. It alleged "that the note was not the property of McCartney, but was sold by him to Val. Martin on the 3d of March, 1873, who, by firm contract made at that time between said Martin and McCartney, became the owner of said note under a promise from McCartney to hand it to

him the first opportunity. That he was notified by the parties to said contract of said transfer, to which he acquiesced, and subsequently satisfied said note in full."

If a more specific averment of the defendant's defense were needful for the maintenance of the plaintiff's right, he should have excepted specially to this answer. A defense defectively set forth should be excepted to specially. May v. Taylor, 22 Tex., 349; Williams v. Warnell, 28 Tex., 611.

In Wells v. Fairbanks, 5 Tex., 583, where the plea was, in general terms, "that the debt had been paid off and discharged," and the evidence offered was that both parties had stated to witness that they had a settlement, and that Wells, the defendant's intestate, owed the plaintiff $50, and this evidence being objected to by the plaintiff, was excluded by the court, on appeal, the rejection of this testimony was held to be error. Mr. Justice Wheeler says: "The plea is expressed in very general terms. No exception, however, was taken to its legal sufficiency. The subject-matter of it constituted a valid defense to the action, and if the plaintiff would have taken advantage of any defectiveness in the form or manner of stating it he should have done so by exceptions." Holliman v. Rogers, 6 Tex., 90; Marley v. McAnelly, 17 Tex., 658.

II. The ground of the second assignment of errors, as stated in the bill of exceptions, is that there was no allegation in the defendant's answer that "plaintiff had authorized or directed such payment," to warrant the introduction of proof of that fact.

What we have said in response to the first assignment of errors is sufficient answer to this objection.

Besides, we are of opinion that the allegation in the answer, that the parties notified defendant of the transfer of the note to Val. Martin; that William Martin acquiesced therein; that the note was not the property of McCartney, but of Val. Martin, and that he had fully satisfied the note to Martin, was in effect equivalent to an averment that McCartney had ordered payment to be made of the note to Val. Martin.

III. The third assignment of error, that the court ex-
cluded plaintiff's testimony to prove " that he did not receive
the horses, nor any of them, and that Val. Martin failed on
his part in the horse contract," is equally untenable.

1. There was no allegation under which that proof could
have been admitted.  "Repeated decisions of this court,"
says Mr. Justice Wheeler, in Marley v. McAnelly, 17 Tex.,
660, "have settled beyond question that new affirmative
matter of avoidance or defense cannot be given in evidence
under a general or special traverse, but must be specially
pleaded."

2. And the testimony offered was irrelevant and immate-
rial.  As we have seen, the defendant pleaded " that the
note had been transferred by McCartney to Val. Martin by
a firm contract; that the parties had notified him of the
fact; that he had acquiesced in that transfer, and had dis-
charged and satisfied the debt to Val. Martin."   He swore
on the trial that McCartney directed him to pay the amount
owing upon the note to Val. Martin, and that he had done
so.   It was, therefore, an immaterial issue whether Val. Mar-
tin had ever complied with his agreement with McCartney
or not.   It was not his affair whether McCartney had re-
ceived full or any consideration for the transfer of the debt.
He was notified of the transfer, acquiesced in it, was directed
to pay the amount to Val. Martin, and did so.   And as the
facts which it was attempted to prove could have had no
effect upon his legal rights, it was no error to reject the testi-
mony offered to prove them.   Nor did the admission of
irrelevant unnecessary testimony upon the part of the de-
fense in regard to the horse trade between McCartney and
Val. Martin warrant the introduction in rebuttal of equally
irrelevant and immaterial testimony on the plaintiff's part
of Val. Martin's failure to deliver the horses.   Love v. Bar-
bour, 17 Tex., 318; Swenson v. Walker, 3 Tex., 93.

IV. The fourth assignment of error, that the court erred
in overruling plaintiff's motion for a new trial, so far as it
related to the insufficiency of the answer, or is based upon

alleged errors of the court in the reception or rejection of testimony, has already been considered.

So far as a new trial is sought on the ground of newly discovered testimony, the application is manifestly insufficient. The testimony was immaterial. Nothing is proposed to be proved, except in relation to the transfer of the note by McCartney, and the failure of Val. Martin to perform his part of the horse trade. As to the transfer of the note the evidence would have been merely cumulative. McCartney was sworn on the trial, and testified to the transaction with Getzendaner, and Getzendaner could have testified to nothing more. In relation to the failure of Val. Martin to comply with his contract, the testimony proposed to be proved by the witnesses would, as we have said, been immaterial and simply cumulative.

And manifestly there was no sufficient diligence shown why the proof, had he thought it necessary to his case, was not produced upon the trial. There is no affidavit of surprise at the rulings of the court, nor, if there had been, is there any good cause perceived why the parties should have been surprised. The answer sufficiently indicated the defense.

A new trial will not be granted upon the ground of newly discovered evidence, to admit merely cumulative evidence, nor unless it is shown that the evidence came to the party's knowledge since the trial, and that it was not from want of diligence on his part that it was not sooner obtained (Frizzel v. Johnson, 30 Tex., 36), and it must appear that the testimony is material, and would probably change the result. Madden v. Shapard, 3 Tex., 49.

The fifth and sixth assignments of error go to the sufficiency of the testimony to sustain the judgment of the court.

This statement of facts presents the very frequently recurring case of a direct conflict of testimony. It was quite as positive for the defendant as for the plaintiff, and had the judgment of the court been for the plaintiff instead of for the defendant, we could not say that it would have been unsupported by the testimony.

It is unnecessary to recapitulate the evidence. It is sufficient to say that the defendant's testimony fully substantiates the allegations of his answer. The judge trying the cause, and whose business it was to weigh the testimony and judge of the credibility of the witnesses, was satisfied with it. And though we might have arrived at a different conclusion from that formed by him, yet we cannot say that his judgment is clearly wrong. And in such case the general rule is that his judgment will not be disturbed. Baldridge v. Gordon, 24 Tex., 288; Anderson v. Anderson, 23 Tex., 641; Jordan v. Imthurn, 51 Tex., 289.

We are of opinion that there is no error in the judgment, and that it ought to be affirmed, and so award.

AFFIRMED.