HARRINGTON & OVERTON v. CHAMBERS.

(Court of Civil Appeals of Texas. Amarillo. Dec. 23, 1911. Rehearing Denied Jan. 26, 1912.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—CONCLUSIVENESS OF FINDINGS.

While the weight of testimony and the credibility of witnesses are matters for the lower court and jury, an appellate court may reverse a verdict on conflicting testimony, where it is without sufficient evidence to sustain it; but in determining the sufficiency of such evidence the appellee is entitled to the benefit of all facts which are fairly and reasonably established by the testimony which tends most strongly to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. LANDLORD AND TENANT (§ 133*)—ACTIONS —EVIDENCE.

In an action by a lessee of pasture land for trespass, evidence *held* to support a verdict for the plaintiff.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 465–469; Dec. Dig. § 133.*]

3. APPEAL AND ERROR (§ 732*)—ASSIGNMENT OF ERROR.

An assignment of error that a court erred in overruling a motion for new trial, "said motion setting out good and sufficient reasons why the verdict and judgment rendered herein should be set aside" and a new trial granted, since the court had improperly overruled defendant's general demurrer and four special exceptions, and since the verdict and judgment were not supported by the pleadings and testimony, is too general to require consideration, as it does not point out wherein the court erred in overruling the demurrer and exceptions, nor in what respect the judgment was not supported by the pleadings and testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

4. APPEAL AND ERROR (§ 500*)—BILL OF EXCEPTIONS—FAILURE TO FILE—WAIVER OF ERROR.

Where, though error is assigned on the action of a court upon exceptions, it does not appear, either by bill of exceptions or by order of the court in the record, what action the court took upon such exceptions, possible error therein must be deemed to have been waived by the appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

Appeal from District Court, Sherman County; D. B. Hill, Judge.

Action by Tom Chambers against D. E. Harrington and R. E. Overton. From a judgment for plaintiff, defendants appeal. Affirmed.

C. F. Rudolph, for appellants. Arthur Lile and Tatum & Tatum, for appellee.

PRESLER, J. This is a suit by defendant in error, Tom Chambers, hereinafter styled defendant, against plaintiffs in error, D. E. Harrington and R. E. Overton, hereinafter styled plaintiffs, to recover damages in the sum of $1,200 for the unauthorized use by plaintiffs of certain pasture lands in Sherman county, consisting of about 11 sections of land, and known as the "McCrory pasture"; defendant claiming in his petition that he had leased said lands and was in possession thereof, using the same by grazing his cattle thereon, when plaintiffs forcibly, and against his protest, entered upon the said lands and placed several hundred head of cattle thereon, and deprived defendant of the use and value of said leased premises for several months, and that the value of the use of said premises of which defendant was deprived was reasonably worth $800, and that because of the trespass complained of he had been compelled to buy feed, which he would not have otherwise bought, to the amount of $400. Plaintiffs answered by general and special demurrers, and specially that they had leased the premises in controversy from one J. A. Cartrite, and that said Cartrite was in possession of the premises, and that defendant was not in possession of the premises at the time of plaintiffs' entry with their cattle, nor had he been at any prior time; that the said Cartrite, under whom plaintiffs claimed the right of the use and possession, was in possession of said premises by virtue of an oral lease from one Dr. E. Snow (under whom defendant also claimed his right of use and possession); and also that their possession was by the direct authority of certain owners and by acquiescence of all the others. Plaintiffs further pleaded that they had paid, and were liable to pay, the said Cartrite $375.70 for the said lease, and that defendant ought not to have judgment against them for any sum. On the trial of the cause before a jury, defendant, Chambers, recovered verdict and judgment against these plaintiffs in error for $503.57, from which judgment plaintiffs duly appeal and assign error.

[1] Plaintiffs in error, by their first assignment, complain that the verdict and judgment rendered was against the preponderance of the testimony upon the issue as to whether the defendant, Chambers, was in possession of the pasture and lands in dispute, either at the time of the entry thereon by plaintiffs, or prior thereto, or whether such possession was at said time and prior thereto held by the said J. A. Cartrite, from whom defendant claimed to lease said land, and also on the issue as to the defendant Chambers' right of possession under his alleged lease. It is well settled by the decisions in this state that, where the evidence is conflicting as to the issues made, the jury

being by law the judges of the credibility of the witnesses and the weight to be given their testimony, their verdict will not be disturbed by the appellate court, unless it clearly appears that the same is without sufficient evidence to sustain it; and that, where there is a conflict of testimony before the jury, on appeal, the appellee is entitled to the benefit of all the facts which are fairly and reasonably established by the testimony in the record tending most strongly to support the judgment, even though the appellate court might have arrived at a different conclusion had it tried the case in the first instance. McCartney v. Martin, 1 Posey, Unrep. Cas. 143–151; Baldridge v. Gordon, 24 Tex. 288; Anderson v. Anderson, 23 Tex. 641; House v. Brown, 21 Tex. Civ. App. 576, 54 S. W. 396; Taylor v. San Antonio, etc., Ry. Co., 36 Tex. Civ. App. 658, 83 S. W. 738; Murphy v. Stell, 43 Tex. 123.

The defendant, Tom Chambers, testified in part to the following effect: That he owned lands situated in this pasture and adjoining thereto; that he leased the lands in question from Dr. Snow; that he leased the lands some time between the 1st and the 15th of April, 1909, said lease running to January 1, 1910; that he paid $314 for the lease; that there was a well on section 54 that he improved or repaired for watering his cattle; that he had something like 400 head of cattle that ran on these sections (the leased land); that the plaintiffs, Harrington and Overton, had taken possession of the pasture; that he went to them, before they unloaded their cattle from the cars, and told them that he did not want to cause them any trouble, but that he had the pasture leased, and that they remarked, "You won't allow us to come in there?" and that he said, "No;" that they then went in, and put the fence up, and cut him (Chambers) off from grazing the pasture; that they went in about the 18th day of May, 1909, and deprived him (Chambers) of the grass that his cattle were running on, and by putting up the fence cut him off entirely from grazing the land; also that his cattle were running on the pasture at the time, and that he had possession of it. He further testified that he had to pay out something like $400 for rough feed, besides 20 tons of cake at $33.20 per ton; that he also had to pay $200 out for rough feed and $138 additional; that he would not have had to buy all this feed, if he had not been deprived of the use of the pasture—probably not more than one-third of the same; that he had to buy feed, also grass and water, since he was deprived of this pasture; that he did not give his consent to plaintiffs to go on this pasture.

Dr. E. Snow testified, in part, by deposition that during the year 1909, and before May 18th, he leased Tom Chambers certain lands in Sherman county, Tex., known as the "McCrory pasture," on or about April 13, 1909, up to January 1, 1910; that at the time he made the lease he did not own any of the land, but did own all of it prior to that time; that when he sold the land, prior to that time, he made arrangements with the persons to whom he sold, by which they permitted him to use the grass until such time as they took possession of the property, or otherwise made use of the same; that the arrangements made with them were not reduced to writing, but were verbal; that he leased the grass land on section 54, block 3, Texas & New Orleans Railway Company, which he had previously sold to Wint Wagner, to Mr. Chambers on April 13, 1909, and up to the 1st of January, 1910, at the time he sold the land to Wint Wagner; that he (Wagner) told him that he could use the grass land until he wanted it himself, or otherwise disposed of it; that he (Snow) did not lease any land in the McCrory pasture to Mr. Cartrite; that he (Snow) leased him a quarter section he afterwards sold to Mari Lewis; that he was unable to state the exact time when the lease was made, but did remember that it expired January 1, 1910, but at the time he leased the quarter to Cartrite it belonged to Mari A. Lewis, and he leased it through permission from him; that, as near as he could remember, the lease to Tom Chambers was made during the latter part of April, 1909, or the first part of May, 1909, and covered some 14 sections of land in the McCrory pasture; the lease only covered the grass land; that Chambers gave him his note on May 13, 1909, for $314, payable in October, 1909, and that he considered the note as good as cash; that his authority from the owners of the land that he leased to Chambers was given verbally.

[2] In view of the above testimony, we are unable to hold that the verdict of the jury and the judgment rendered thereon is without sufficient testimony to sustain it. We therefore conclude that said assignment is not well taken, and that the same should be overruled.

[3] Plaintiffs in error's second and only remaining assignment is as follows: "The court erred in overruling defendants' motion for a new trial of this cause, said motion setting out good and sufficient reasons why the verdict and judgment rendered herein should be set aside and held for naught and a new trial granted, since the court had improperly overruled defendants' general demurrer and four special exceptions to plaintiff's petition, and since the verdict and judgment were not supported by the pleadings and the testimony." Under numerous decisions, both of the Courts of Civil Appeals and the Supreme Court, this assignment is too general to be here considered, in that it complains of the action of the court in overruling plaintiffs in error's general demurrer and four specially enumerated exceptions, and further complains that the judgment is not supported by the pleadings and the testimony, and does not specifically undertake

to point out wherein the court erred in overruling said demurrer and exceptions, and does not undertake to point out in what respect the said judgment was not supported by the pleadings and the testimony.

[4] We 'are further unable to determine whether or not the court erred in overruling plaintiffs' four special exceptions, because it is not made to appear, either by bill of exception or by order of the court, had and entered, what action, if any, the court took upon said exceptions, they appearing from the record not to have been passed upon by the court below, and can but in this condition of the record be here deemed as having been waived by plaintiffs in error. Cotton v. Jones, 27 S. W. 192; Eustis v. Henrietta, 37 S. W. 632; Morgan v. Butler, 23 Tex. Civ. App. 470, 56 S. W. 689; McCreary v. Robinson, 57 S. W. 682.

We therefore conclude that the judgment appealed from in this case should be in all things affirmed, and it is accordingly so ordered.