**LANCASTER et al. v. SAYLES. (No. 1242.)**

(Court of Civil Appeals of Texas. El Paso. Oct 20, 1921.)

**1. Appeal and error ⬅═500(2)—Record must show ruling on exceptions to petition.**

Assignments charging error in overruling exceptions to the plaintiff's petition cannot be considered, where the record does not affirmatively show that the exceptions were acted upon and there are no bills of exceptions.

**2. Carriers ⬅═227(1)—Petition complaining of muddy loading pens not subject to general demurrer.**

A shipper's petition in action against carrier *held* not subject to general demurrer, where, although not in specific words charging that defendant was guilty of actionable negligence, it set up the facts that the loading pens where so muddy as not to be proper for loading of cattle, etc., under Vernon's Sayles' Ann. Civ. St. 1914, art. 6654, and, although it did not specifically set up the true measure of damages, charged that the cattle were deteriorated in value in a definite sum on account of being covered with mud when loaded.

**3. Appeal and error ⬅═197(5)—Variance must be taken advantage of in lower court.**

In shipper's action against carrier for damages to his cattle because of muddy loading pens, the objection that the shipper had not pleaded that the pens were not such as an ordinarily prudent person would have furnished under the circumstances, or different from those ordinarily furnished, could not be sustained, in the absence of a special exception properly presented to the trial court, and any erroneous ruling excepted to and properly brought up for review.

**4. Carriers ⬅═228(5)—Evidence held not to show damages from mud in loading pens.**

In shipper's suit against carrier for damage to cattle by being caked with mud from muddy loading pens evidence *held* insufficient to show deterioration in value of the cattle from the cause complained of, and therefore is not sufficient to support judgment for plaintiff.

**5. Appeal and error ⬅═230 — Objection to charge on weight of evidence waived by failure to properly object.**

The objection that the charge as a whole is on the weight of evidence is waived where this specific objection to the charge is not made in the trial court by being presented in writing before reading of the general charge, as required by statute.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by Mac Sayles against J. L. Lancaster and others, receivers. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jno. B. Howard, of Pecos, for appellants. Hudson & Starley, of Pecos, for appellee.

HARPER, C. J. Mac Sayles brought this suit against the receivers of the Texas & Pacific Railway Company for damages to a shipment of cows and calves to market. The cause being that he was compelled to place them in muddy pens in order to load them, and that they became caked and all covered with mud, and that by reason thereof when they reached the market they lost by shrinkage and on account of their muddy condition were deteriorated in value not less than $5 per head for cows and $2.50 per head for calves. The defendants answered by general and special exceptions, general denial, and specially answered that it was true that the plaintiff shipped approximately said number of cattle; that they were transported with diligence; that they reached the market at Fort Worth, Tex., in A-1 condition; that said cattle all sold for the top of the market, and the plaintiff was not damaged in any manner; and further specially answered that if the pens were muddy the same was caused by unprecedentedly heavy rains and unusually large shipments of cattle at that time, and that the plaintiff was guilty of contributory negligence in placing his cattle in said pens at this time if the same were unfit to have the cattle placed in. Tried to a jury, submitted upon special issues, and upon the verdict judgment was rendered for $297.69, from which this appeal.

[1] The fourth and fifth assignments charge error in overruling exceptions to the plaintiff's petition. The record does not affirmatively show that the exceptions were acted upon, and there are no bills of exceptions. Harrington and Overton v. Chambers (Civ. App.) 143 S. W. 662.

[2] The petition is not subject to general demurrer. Whilst it does not in specific words charge that appellant was guilty of actionable negligence, it sets up the facts, to wit, that the pens were so muddy as to not be proper for loading cattle, etc. Article 6654, V. S. Rev. Stat.; Lancaster v. Pitzer (Com. App.) 228 S. W. 923, which is sufficient upon general demurrer. It does not specifically set up the true measure of damages, but it charges that the cattle were deteriorated in value in a definite sum, which is sufficient, in the absence of a special exception, properly presented to the trial court, and any erroneous ruling excepted to and properly brought here for review.

[3] Assignments 12 to 16, inclusive, are predicated upon exceptions to the court's charge: First. Because the appellee has not pleaded that the pens were not such as an ordinarily prudent person would have furnished under the circumstances, or different from those ordinarily furnished. We think the pleadings must be sustained in the state of the record, as above stated. Second. It is urged by these assignments that

the charge of the court should have been a peremptory charge for defendant: (a) Because there is no evidence that the pens were not such as is ordinarily provided for loading and shipment of cattle; (b) because there is no evidence that the cattle shrunk more than ordinary and usual by reason of their muddy condition, as submitted by the third paragraph of the charge; (c) that the fourth paragraph of the charge is not supported by any evidence, in that the proof is that the cattle brought the top of the market, therefore, there is no evidence that they were deteriorated in value because of shrinkage or muddy condition. And by 1, 2, and 11, it is urged that a peremptory instruction should have been given for appellant because there is no evidence to establish the true market value, in that there is no evidence of what the cattle would have brought had they arrived in any other than a muddy condition.

The court's charge is as follows, as objected to:

"(1) Did the defendant provide such pens for the loading of the shipment of cattle in question as a reasonably prudent person would have provided under the same or similar circumstances?

"(2) If you have answered question No. 1 in the negative, then could the defendant by the use of such care as an ordinarily prudent person would have used prepared the pens in question for the shipment of the plaintiff's cattle?

"(3) If you have answered question 1 in the negative and 2 in the affirmative, then were the cattle in question deteriorated in value at Fort Worth by reason of their muddy condition?

"(4) If you have answered question No. 1 in the negative and the other two affirmatively, then, what do you find to have been the difference, if any, between the market value of said cattle at Fort Worth in the condition in which they arrived there and what their market value should and would have been in the condition in which they should have arrived there but for the muddy condition of the pens in question?

"(5) Do you find from the evidence that the plaintiff Sayles, exercised such care as a reasonably prudent person would have exercised under the same or similar circumstances, in placing the cattle in question in the pens in question, at the time in question, for shipment?"

[4] There is no evidence that the cattle stood in muddy pens, for all this record shows they were promptly passed through onto the cars upon which they were shipped; therefore there is no evidence of shrinkage on account of being in the pens. In fact, there is no pleading that they stood in the pens. There is no evidence of their weight when loaded, so there is no evidence of deterioration in value because of shrinkage; no proof of shrinkage. Therefore, if this verdict is to be sustained, it must be upon the ground that they brought the amount of the verdict less upon the market because of their muddy condition than they would have brought had they been free from mud. The undisputed evidence in this case is:

"The fact that these cattle were muddy makes a difference in the market value, because there is always a doubt where cattle are muddy as to the cause of their being muddy, as there is a chance of their having been trampled in the mud, which would cause bruises and make sales much slower, and there is always a doubt as to the extent of the damages. As to the extent it hurts the price it varies from 25 cents to $1 per hundred pounds."

From the language quoted it readily appears that the witness was speaking in a general way, and not applying his remarks to these specific cattle as to the extent of depreciation. He does not say that he had to sell, or did sell, these cattle, either the cows or the calves, for 25 cents per hundred pounds less by reason of their muddy condition than he would have done if free from the mud, but says, "I got top price for the cows," "and the calves brought 60 cents more than they would with the local packers. They [the calves] sold to go elsewhere." The purchaser of the calves says he paid "a little above the market price because they were good looking and sound. I had a place to use them at that particular time. In all respects these cattle were in good shape and were not muddy or drawn." Again, he says: "These calves were not covered and caked with mud when I bought them." So it seems clear that there is insufficient evidence of a deterioration in value of either the cows or the calves upon which to base a verdict and judgment in this case.

[5] The fourteenth charges error in the instructions above quoted, in that the charge as a whole is upon the weight of the evidence. This error, if any, is waived because this specific objection to the charge was not made in the trial court in the proper manner, in that it was not presented in writing to the court before reading of the general charge, as provided by statute. Heidenheimer S. & Co. v. H. & T. C. Ry. Co., 197 S. W. 888.

The objections to the testimony of witness Collins are untenable.

Reversed and remanded.